IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02725-BNB

JOHN DAVID SCHUTTE,

     Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS (BVCF),
TOM CLEMENTS, Executive Director,
TONY CAROCHI, Director of Prisons,
RICH TOMKINS,
GREEN, Warden,
JOHN DAVIS, Warden,
WILLIAM BRUNEL, Associate Warden,
JASON LENGERICH, Major,
THOMAS FISHER, Captain,
GUY EDMONDS, Captain,
BRIAN COLEMAN, Lt., and
GREGORY SMETHERS, Lt.,

     Defendants.

_____

ORDER GRANTING LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915 AND
DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

_____

     Plaintiff, John David Schutte, initiated this action by submitting a Complaint (ECF

No. 1) and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915

(ECF No. 3).  The Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C.

§ 1915 will be granted based solely on Plaintiff's inability to pay the filing fee in this

action.

     In his original Complaint, Mr. Schutte asserted jurisdiction under Title VII of the

Civil Rights Act of 1964 (as amended), and as amended by 42 U.S.C. § 1981a, and

numerous claims arising under state law.  In an October 17, 2012 Order Directing

Plaintiff to Cure Deficiencies, Magistrate Judge Boyd N. Boland directed Plaintiff to file a Complaint on the court-approved Title VII Complaint form within thirty (30) days.

On November 5, 2012, Plaintiff filed a "[Motion to Remove] Order to Obtain Title VII Complaint" (ECF No. 6).  In the motion, Mr. Schutte alleges that a Title VII action concerning the same conduct described in his federal Complaint is pending in the state courts.  He alleges specifically that he prevailed before the state agency and that the agency decision has been appealed by the Defendants and is pending in the Colorado Court of Appeals.  Plaintiff requests that the Court "remove the order to submit a Title VII complaint" because he would be "deemed double jeopardy in accordance with rule and law" if he proceeded with a Title VII action in this Court.  (ECF No. 5, at 2).  On November 5, 2012, Mr. Schutte re-filed the same Complaint against the Defendants as his original Complaint.

The Court observes as an initial matter that there is no absolute prohibition against parallel state and federal civil court proceedings. *See Fox v. Maulding*, 16 F.3d 1079, 1082 (10th Cir. 1994).

Furthermore, "[f]ederal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." ***Morris v. City of Hobart***, 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory bases for federal subject matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331.  Mr. Schutte may invoke this Court's federal question jurisdiction under 28 U.S.C.  § 1331 by asserting claims under Title VII.  To invoke § 1332 jurisdiction, the Plaintiff must present a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. ***See*** 28 U.S.C. § 1332(a); ***see also***

2

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).  To demonstrate federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively.  *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").

Mr. Schutte has not alleged an adequate basis for exercising diversity jurisdiction over his state law claims.  He alleges in the [amended] Complaint that he resides in Phoenix, Arizona.  However, he does not allege the State citizenship of any of the Defendants.  The allegations of the Complaint are therefore insufficient to invoke this Court's diversity jurisdiction.

Mr. Schutte will be directed to file a second amended complaint. The second amended complaint must be filed on the Title VII Complaint form and assert a claim or claims arising under Title VII.  In the alternative, Mr. Schutte may file a second amended complaint on the court-approved Complaint form that asserts only state law claims. However, Mr. Schutte must allege affirmatively the State citizenship of each of the named Defendants.  Accordingly, it is

ORDERED that Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) is granted.  It is

FURTHER ORDERED that Plaintiff, John David Schutte, **within thirty (30) days from the date of this Order**, shall file an second amended complaint that complies with the directives in this Order.  It is

FURTHER ORDERED that Plaintiff obtain the Court-approved Title VII form or

3

court-approved Complaint form from, along with the applicable instructions, at

www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file a second amended complaint

that complies with this Order within the time allowed, the Complaint and the action will

be dismissed without further notice.  It is

FURTHER ORDERED that the [Motion to Remove the] Order to Obtain Title VII

Complaint (ECF No. 6) is **denied as moot**.

DATED November 7, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge