IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02725-BNB

JOHN DAVID SCHUTTE,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS (BVCF),
TOM CLEMENTS, Executive Director,
TONY CAROCHI, Director of Prisons,
RICH TOMKINS,
GREEN, Warden,
JOHN DAVIS, Warden,
WILLIAM BRUNEL, Associate Warden,
JASON LENGERICH, Major,
THOMAS FISHER, Captain,
GUY EDMONDS, Captain,
BRIAN COLEMAN, Lt., and
GREGORY SMETHERS, Lt.,

    Defendants.

## AMENDED ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff, John David Schutte, initiated this action by submitting a Complaint (ECF No. 1). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

In his original Complaint, Mr. Schutte asserted jurisdiction under Title VII of the Civil Rights Act of 1964 (as amended), and as amended by 42 U.S.C. § 1981a, and numerous claims arising under state law. In an October 17, 2012 Order Directing Plaintiff to Cure Deficiencies, Magistrate Judge Boyd N. Boland directed Plaintiff to file a Complaint on the court-approved Title VII Complaint form within thirty (30) days.

On November 5, 2012, Plaintiff filed a "[Motion to Remove] Order to Obtain Title

VII Complaint" (ECF No. 6). In the motion, Mr. Schutte alleges that a Title VII action concerning the same conduct described in his federal Complaint is pending in the state courts. He alleged specifically that he prevailed before the state agency and that the agency decision has been appealed by the Defendants and is pending in the Colorado Court of Appeals. Plaintiff asked the Court to "remove the order to submit a Title VII complaint" because he would be "deemed double jeopardy in accordance with rule and law" if he proceeded with a Title VII action in this Court. (ECF No. 5, at 2). On November 5, 2012, Mr. Schutte re-filed the same Complaint against the Defendants as his original Complaint.

On November 7, 2012, the Court denied the "[Motion to Remove] Order to Obtain Title VII Complaint" (ECF No. 6) and directed Mr. Schutte to file a second amended complaint on the court-approved Title VII form. The Court observed in the November 7 Order that there is no absolute prohibition against parallel state and federal civil court proceedings. *See Fox v. Maulding*, 16 F.3d 1079, 1082 (10th Cir. 1994).

The amended complaint asserts only state law claims against the Defendants. The Court advised Plaintiff in the November 7 Order that "[f]ederal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." **Morris v. City of Hobart**, 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory bases for federal subject matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331. Upon further review of the pleadings, the Court finds that Mr. Schutte may invoke this Court's federal question jurisdiction under 28 U.S.C. § 1331 by asserting claims against his former public

employer pursuant to 28 U.S.C. § 1983.  **See Cleveland Bd. of Educ. v. Loudermill**, 470 U.S. 532, 538-39 (1985) (public employees who have a property interest in continued employment cannot be deprived of that interest without due process). **Lighton v. Univ. of Utah**, 209 F.3d 1213, 1221 (10th Cir. 2000) ("It is well-established constructive discharge from employment is actionable under § 1983 if an employee possesses a protectable property or liberty interest in his employment.").  If Plaintiff asserts a claim under 42 U.S.C. § 1983, he may further assert his state law claims pursuant to this Court's pendent jurisdiction, 28 U.S.C. § 1367(a).

To invoke § 1332 jurisdiction, the Plaintiff must present a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. **See** 28 U.S.C. § 1332(a); **see also Arbaugh v. Y&H Corp.**, 546 U.S. 500, 513 (2006). To demonstrate federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively.  **See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.**, 929 F.2d 1519, 1521 (10th Cir.1991) (citations omitted); **see also** Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").

Mr. Schutte has not alleged an adequate basis for this court to exercise jurisdiction over his state law claims asserted in the amended complaint.  He does not assert a federal cause of action.  Furthermore, although he alleges that he resides in Phoenix, Arizona, he does not allege the State citizenship of any of the Defendants. The allegations of the Complaint are therefore insufficient to invoke this Court's diversity jurisdiction.

Mr. Schutte will be directed to file a second amended complaint on the court-approved form. The second amended complaint should assert a federal statutory basis for Plaintiff's claims and include a separate claim asserting the federal cause of action. In the alternative, Mr. Schutte may file a second amended complaint that asserts only state law claims.  However, Mr. Schutte must allege affirmatively the State citizenship of each of the named Defendants.  Accordingly, it is

ORDERED that Plaintiff, John David Schutte, **within thirty (30) days from the date of this Order**, shall file an second amended complaint that complies with the directives in this Order.  It is

FURTHER ORDERED that Plaintiff obtain the Complaint form or court-approved Complaint form from, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file a second amended complaint that complies with this Order within the time allowed, the Complaint and the action will be dismissed without further notice.  It is

DATED December 14, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge


Mr. Schutte will be directed to file a second amended complaint on the court-approved form. The second amended complaint should assert a federal statutory basis for Plaintiff's claims and include a separate claim asserting the federal cause of action. In the alternative, Mr. Schutte may file a second amended complaint that asserts only state law claims.  However, Mr. Schutte must allege affirmatively the State citizenship of each of the named Defendants.  Accordingly, it is

ORDERED that Plaintiff, John David Schutte, **within thirty (30) days from the date of this Order**, shall file an second amended complaint that complies with the directives in this Order.  It is

FURTHER ORDERED that Plaintiff obtain the Complaint form or court-approved Complaint form from, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file a second amended complaint that complies with this Order within the time allowed, the Complaint and the action will be dismissed without further notice.  It is

DATED December 14, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge